IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff/Respondent, | §<br>§<br>§ | |
| V. | §<br>§ | CR. No. C-07-398(2)<br>(C.A. No. 09-222) |
| FELIX JAIMES-VALDEZ<br>    Defendant/Movant. | §<br>§ | |

## MEMORANDUM OPINION AND ORDER DENYING IN PART MOTION TO ALTER OR AMEND JUDGMENT AND ORDERING THE GOVERNMENT TO SHOW CAUSE

Pending before the Court is Movant Felix Jaimes-Valdez' ("Jaimes-Valdez") motion to Alter or Amend Judgment mailed to the Clerk on May 17, 2011. D.E. 316. He seeks reversal of this Court's Memorandum Opinion and Order and final judgment signed on April 19, 2011. The Court denies in part the motion to alter or amend judgment and orders the government to show cause why the documents not served on Jaimes-Valdez should not be served on him.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II. FACTS AND PROCEEDINGS

The facts and proceedings were outlined in detail in this Court's Memorandum Opinion and order dated April 19, 2011 and will not be repeated. See D.E. 311.

1

### III. MOVANT'S ALLEGATIONS

Jaimes-Valdez's current motion alleges that he was not served with documents in this matter, D.E. 291, 295, 300, 302, 304, and 312. He claims that the failure to serve him with those documents violates his due process rights. Next, Jaimes-Valdez challenges this Court's finding that he was not eligible for a safety valve downward departure and the Court's resolution of his claim that his sentence was based upon a larger quantity of drugs than stated in the indictment or to which he admitted.

### IV. DISCUSSION

#### A.  Federal Rule of Civil Procedure 59(e)

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2011). A Rule 59(e) motion must be filed within 28 days from Judgment. Fed. R. Civ. P. 59(e).

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: 1) an intervening change in controlling law; 2) new evidence not previously available; 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments

which could, and should, have been made before the judgment issued.'" Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir.1990)).

**B.      Failure to Receive Documents**

The Court has investigated Jaime-Valdez' claim that he did not receive the specified documents. The government failed to include a certificate of service for its filings D.E. 291, 302, and 304. The Clerk's records for the Orders of the Court do not affirmatively reflect that documents D.E. 295, 300 and 312 were mailed to Jaimes-Valdez. This issue is properly before the Court as a ground of relief pursuant to Rule 59(e) as it attacks the integrity of the prior proceedings and could not have been brought earlier. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

The government's failure to serve Jaimes-Valdez with its documents deprived him of an opportunity to respond. Some of the documents that were not served on Jaimes-Valdez are sealed. The government is hereby ordered to show cause not later than twenty days after the entry of this order as to why D.E. 291, 295, 300, 302, 304, and 312, should not be served on Jaimes-Valdez.

**C.      Remaining Claims**

Jaimes-Valdez' remaining grounds reassert claims that have already been decided against him, safety-valve and the drug quantity. See D.E. 311 at 15-17. The Court carefully considered those claims in its original order and declines to revisit them. Such claims are not

3

properly included in a Rule 59(e) motion. See Rosenzweig., 332 F.3d at 863-64 (Rule 59(e) cannot be used to raise arguments which could, and should, have been made before the judgment issued).

## V. CONCLUSION

For the above-stated reasons, Jaimes-Valdez's motion to alter or amend the judgment (D.E. 316) is DENIED in part. The government is ORDERED to show cause within 20 days of this Order why the documents that were not served on Jaimes-Valdez should not be served on him.

It is so ORDERED this 14 day of Sept 2011.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE