**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-07-398(2) |
| | § | (C.A. No. 13-CV-92) |
| FELIX JAIMES-VALDEZ | § | |
|     Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE, DENYING A CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Felix Jaimes-Valdez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 339. After reviewing the motion, the Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (§ 2255 Rules). For the reasons stated herein, the Court dismisses Jaimes-Valdez' motion and denies him a certificate of appealability.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

A detailed discussion of the facts and proceedings is found in this Court's previous Memorandum Opinion and Order of April 19, 2011. D.E. 311. Jaimes-Valdez was convicted after his guilty plea to Conspiracy to Possess with Intent to Distribute More Than 5 Kilograms of Cocaine. D.E. 246. The Court sentenced him in August 2008 to 188 months in

the Bureau of Prisons, to be followed by 5 years supervised release. Id. Jaimes-Valdez plead guilty pursuant to a plea agreement with the government. D.E. 228.

After sentencing, Jaimes-Valdez filed a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 that was received by the Court in August 2009. D.E. 264. The Court denied the motion. D.E. 311, 312. Jaimes-Valdez filed a motion to alter of amend the judgment in May 2011. The Court denied the motion in part by Memorandum Opinion and Order dated September 14, 2011. D.E. 320. The Court issued a further Memorandum Opinion and Order on February 19, 2013, denying in part the motion after the government's response. D.E. 337.

## II.  MOVANT'S CLAIMS

Jaimes-Valdez ' present motion claims that counsel was ineffective during plea bargaining on two bases, first, that he failed to negotiate for safety valve, and second, counsel failed to secure a stipulation for a § 5K1.1 downward departure. He claims his motion is timely because his original § 2255 motion is still pending and has not yet become final.

## III.  SECOND OR SUCCESSIVE § 2255 MOTION

Jaimes-Valdez' previous § 2255 complained of issues related to his failure to obtain credit for safety valve and the government's failure to move for a downward departure for pursuant to § 5k1.1. The Court discussed these issues in its previous Memorandum Opinion and Order."Safety valve reductions are not available to a manager/supervisor. When Jaimes-Valdez pleaded guilty at rearraignment he admitted to conduct that qualified as managerial or supervisory (D.E. 268 at 23-31), which prevented him from receiving any

2

consideration for safety valve departure." D.E. 311 at 8. Moreover, the government denied that Jaimes-Valdez rendered substantial cooperation to qualify for a downward departure. See D.E. 311 at 6. His claims are thus second or successive.

To be entitled to file a second or successive motion, a movant must obtain certification from the Fifth Circuit Court of Appeals. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Jaimes-Valdez' motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any claim that could have been brought in his first § 2255 motion.

Jaimes-Valdez' motion to vacate, set aside or correct sentence (D.E. 339) is DISMISSED as second or successive. United States v. Orozco-Ramirez, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Jaimes-Valdez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that Jaimes-Valdez cannot establish at least one of the Slack criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Jaimes-Valdez' motion (D.E. 339) is DISMISSED as second or successive, additionally, he is DENIED a Certificate of Appealability.

Ordered this 4th day of April, 2013.

_____
HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE