**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-07-398(2) |
| | § | (C.A. No. 13-CV-92) |
| FELIX JAIMES-VALDEZ | § | |
|    Defendant/Movant. | § | |

## **ORDER**

Pending before the Court is Defendant Felix Jaimes-Valdez' motion to alter or amend the judgment dismissing his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 339) as second or successive. D.E. 350.

Jaimes-Valdez' motion to alter or amend the judgment claims that this Court should not have dismissed his previous § 2255 motion as second or successive because he could not have brought his claims until after the decisions in Missouri v. Frye,[1] and Lafler v. Missouri.[2] Even if his analysis was correct,[3] Jaimes-Valdez was still required to obtain a certificate of appealability from the Fifth Circuit before this Court could consider his motion on the merits.

---

[1] — U.S. ----. 132 U.S. 1399 (2012).

[2] — U.S. ----, 132 U.S. 1376 (2012).

[3] "We have previously held, and now reiterate, that Frye did not announce a new rule of constitutional law because it 'merely applied the Sixth Amendment right to counsel to a specific factual context.'" Miller v. Thaler, — F.3d —, 2013 WL 1830850 at *4 (5th Cir., May 1, 2013) (citing In re King, 697 F.3d 1189, 1189 (5th Cir .2012)); accord United States v. Havens, 450 Fed. App'x 363, 364 (5th Cir., Nov. 16, 2011) (per curiam) (designated unpublished) ("We have held that 'failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel.'").

28 U.S.C. § 2255(h). Because Jaimes-Valdez did not furnish the Court with a certificate of appealability, his § 2255 motion was properly dismissed.

For the foregoing reasons, Jaimes-Valdez' motion to alter or amend the judgment (D.E. 350) is DENIED

Ordered this 13th day of May 2013.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE